IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

KENNETH B. MARTIN, CHARLES N.      )
CODY, SR., BOBBY D. HARPER,         )
SAMMIE L. SIAS, KENNETH L.          )
WILLIAMS, A. J. SAUNDERS, MELVIN   )
IVEY, GAIL HICKS, and JOE E.        )
HOWARD,                             )
                                    )
    Plaintiffs,                    )
                                    )   Case No. 1:12-cv-00058-JRH-WLB
    v.                             )
                                    )
AUGUSTA-RICHMOND COUNTY,            )
GEORGIA, COMMISSION; DEKE S.        )
COPENHAVER, in his official capacity as  )
Mayor of Augusta-Richmond County;   )
RICHMOND COUNTY, GEORGIA,           )
BOARD OF EDUCATION; ALEX            )
HOWARD, in his official capacity as )
President of the Richmond County Board  )
of Education; LYNN BAILEY, in her   )
official capacity as Executive Director of  )
the Richmond County Board of Elections;  )
DAVID RALSTON, in his official capacity  )
as Speaker of the Georgia House of  )
Representatives; and TOMMIE         )
WILLIAMS, in his official capacity as  )
President Pro Tempore of the Georgia  )
Senate,                             )
                                    )
    Defendants.                    )
-------------------------------------------------------- )

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs file this their First Amended Complaint pursuant to Rule 15(a)(1), F.R.Civ.P., to

add the Speaker of the Georgia House of Representatives and the President Pro Tempore of the

Georgia Senate as Defendants.

## NATURE OF THE CASE

1.  This is an action brought under 42 U.S.C. § 1983 to enforce rights guaranteed to Plaintiffs by the equal protection clause of the Fourteenth Amendment of the Constitution of the United States.  Plaintiffs seek declaratory and injunctive relief against further use of the existing districts for the Augusta-Richmond County, Georgia, Commission and the Richmond County, Georgia, Board of Education on the grounds that they are malapportioned in violation of one person, one vote.  Plaintiffs further seek a court ordered plan that remedies the existing malapportionment and complies with Sections 2 and 5 of the Voting Rights Act, 42 U.S.C. §§ 1973 and 1973c, so that the upcoming elections can go forward in a timely and lawful manner.

## JURISDICTION AND VENUE

2.  This Court has original jurisdiction over this case pursuant to Article III of the Constitution of the United States and 28 U.S.C. §§ 1331, and 1343(a)(3) & (4).

3.  This suit is authorized by 42 U.S.C. § 1988.

4.  Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

5.  Venue is proper in the Southern District of Georgia pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6.  Plaintiffs are residents and registered voters of Richmond County, Georgia, and reside in districts for the County Commission and Board of Education which are malapportioned on the basis of population and are underrepresented, and which will be affected by any court ordered redistricting.

7.  Defendants Augusta-Richmond County Commission and Richmond County Board of Education are political subdivisions of the State of Georgia and as such are corporate bodies under Georgia law subject to suit.

8.  The Augusta-Richmond County Commission was incorporated by an Act of the General Assembly of Georgia in 1995, and has operated under the direction of a commission-council form of government.

9.  Defendant Deke S. Copenhaver is Mayor of the Augusta-Richmond County Commission. He is elected at large to serve a four year term which expires in 2014.  He is sued in his official capacity.

10.  The Richmond County Board of Education was established by an Act of the General Assembly of Georgia in 1872, Ga. Laws 1872, pp. 456-63, and is the legislative body for the public school system.

11.  Defendant Alex Howard is the President of the Richmond County Board of Education, and is elected by the members of the board for a two year term.  He is sued in his official capacity.

12.  Defendant Lynn Bailey is the Executive Director of the Richmond County Board of Elections, and has general supervisory authority over elections in the county, including for the County Commission and the Board of Education.  She is sued in her official capacity.

13.  Defendant David Ralston is the elected Speaker of the Georgia House of Representatives.  He is sued in his official capacity.

3

14.  Defendant Tommie Williams is the President Pro Tempore of the George Senate.  He is sued in his official capacity.

15.  The Defendants, both personally and through the conduct of their agents, servants and employees, were and are acting under color of state law at all times relevant to this action.

FACTS

16.  The County Commission consists of ten members, eight of whom are elected from eight single member districts (Districts 1-8), and two of whom are elected from two super districts (Districts 9-10), each of which contains approximately one half of the county population.

17.  The Board of Education consists of ten members, eight of whom are elected from eight single member districts (Districts 1-8), and two of whom are elected from two super districts (Districts 9-10).

18.  The districts and super districts for the County Commission and Board of Education are identical.

19.  Elections for the County Commission and Board of Education are non-partisan.

20.  The County Commission is the governing body for Augusta and Richmond County, and as such, its members are required to be elected in conformity with the Fourteenth Amendment of the Constitution of the United States.

21.  The Board of Education is the governing body for the Richmond County public school system, and as such, its members are required to be elected in conformity with the Fourteenth Amendment of the Constitution of the United States.

4

22.  The existing districts for the County Commission and Board of Education were drawn based upon the 2000 census, and in light of the 2010 census are malapportioned.

23.  Based upon the 2010 Census, the total population of Richmond county is 200,549, of whom 111,991 (55.84%) are African American.  The ideal population for each district is 25,068 people.  The existing districts possess a total deviation of 35.92% from ideal district size.

24.  Based upon the 2010 Census, the ideal population for each super district is 100,275 people.  The existing super districts possess a total deviation of 10.74% from ideal district size.

25.  The population and deviation from ideal size of each district is as follows:

| District | 2010 Pop | Deviation |
|---|---|---|
| 1 | 20,904 | -16.61% |
| 2 | 22,335 | -10.91% |
| 3 | 29,909 | +19.31% |
| 4 | 28,273 | +12.78% |
| 5 | 23,379 | - 6.74% |
| 6 | 23,096 | - 7.87% |
| 7 | 25,672 | + 2.41% |
| 8 | 26,981 | + 7.63% |
| 9 | 94891 | - 5.37% |
| 10 | 105,658 | +5.37% |

Total deviation: 35.92%

26.  Plaintiffs Kenneth B. Martin and A. J. Saunders are residents of District 3, which is overpopulated compared to all the other districts.

27.  Plaintiffs Charles N. Cody, Sr., Bobby D. Harper, Sammie L. Sias, Kenneth L. Williams, and Melvin Ivey are residents of District 4, which is over-populated compared to all the other districts except District 3.

28.  Plaintiffs Gail Hicks and Joe E. Howard are residents of District 8, which is over-populated compared to all the other districts except Districts 3 and 4.

29.  All Plaintiffs will be affected by any redistricting to comply with one person, one vote.

30.  The County Commission, the Board of Education, and the Georgia House and Senate have the duty under state and federal law to redraw their districts for the Board of Commissioners every ten years based upon a true and correct enumeration of the county's inhabitants.

31.  The State of Georgia, including Richmond County,  is subject to the preclearance provisions of Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c, and redistricting for the County Commission and Board of Education cannot take effect and is unenforceable as law without either administrative preclearance from the United States Department of Justice, or a judgment from the U.S. District Court for the District of Columbia declaring that the redistricting "does not have the purpose and will not have the effect of denying or abridging the right to vote on account of race or color."

32.  Elections for the County Commission and Board of Education are scheduled for November 6, 2012.  Candidates seeking to participate in the upcoming elections must file their notice of candidacy during May 23-5, 2012.  However, the Georgia general assembly has enacted legislation setting the date of the elections for July 31, 2012.  If signed by the governor, the law could not take effect absent preclearance under Section 5 of the Voting Rights Act.

33.  An AD Hoc Redistricting Committee was established to consider and recommend a new redistricting plan for the County Commission and Board of Education.  The AD Hoc

Redistricting Committee consisted of four members of the legislative delegation, four members of the County Commission, and four members of the Board of Education.  Lynn Bailey, the Executive Director of the Richmond County Board of Elections, was the Support Staff of the AD Hoc Redistricting Committee.

34.  On November 29, 2011, the AD Hoc Redistricting Committee by unanimous vote passed Plan 3R (Final) as a redistricting plan based upon the 2010 census for the County Commission and Board of Education, and which complied with one person, one vote.

35.  The approved Plan 3R was submitted to the Georgia General Assembly for adoption. The House approved the plan, but the Senate did not and the legislature adjourned  without acting upon the plan or adopting an alternative plan.

36.  Despite having had an adequate opportunity to do so, the County Commission, the Board of Education, and the General Assembly have failed to secure legislation redistricting the existing districts for the County Commission and Board of Education that have been precleared either by the Department of Justice or the District Court for the District of Columbia.

37.  Elections for the County Commission and Board of Education will be held under the malapportioned plan unless enjoined by this Court.

CLAIM ONE

38.  Further use by Defendants of the existing malapportioned districts for the County Commission and Board of Education would violate rights guaranteed to Plaintiffs by the equal protection clause of the Fourteenth Amendment of the Constitution of the United States.

RELIEF

7

39. A real and actual controversy exists between the parties.

40. Plaintiffs have no adequate remedy at law other than this action for declaratory and injunctive relief.

41. Plaintiffs are suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

WHEREFORE, Plaintiffs respectfully pray that this Court:

(1)     take original jurisdiction over this case;

(2)     enter a declaratory judgment that further use by Defendants of the existing districts for the County Commission and Board of Education violates rights guaranteed to Plaintiffs by the Fourteenth Amendment of the Constitution of the United States;

(3)     enter a permanent injunction prohibiting any further use of the existing districts for the County Commission and Board of Education;

(4)     commence proceedings to draft and implement a new redistricting plan in time for the 2012 elections that complies with one person, one vote and Sections 2 and 5 of the Voting Rights Act;

(5)     award Plaintiffs the costs of this action together with their reasonable attorneys' fees pursuant to 42 U.S.C. §§ 1988 and 1973$l$(e); and,

(6)     retain jurisdiction of this action and grant Plaintiffs any further relief which may in the discretion of this Court be necessary and proper to ensure that timely and lawful procedures are used in elections for the County Commission and Board of Education.

Respectfully submitted,

s/M. Laughlin McDonald

_____

M. LAUGHLIN McDONALD (#489550)
NANCY ABUDU (#001471)
American Civil Liberties Union
 Foundation, Inc.
230 Peachtree Street, N.W., Suite 1440
Atlanta, Georgia 30303
(404) 523-2721
(404) 653-0331 (fax)


s/ Jerry Wilson

_____

JERRY WILSON (#768610)
P.O. Box 971
Redan, Georgia 30074
(404) 431-6262 (cell)
(888) 868-7331 (fax)

ATTORNEYS FOR PLAINTIFFS

9