UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| KENNETH B. MARTIN, CHARLES N. | ) | |
| CODY, SR., BOBBY D. HARPER, | ) | |
| SAMMIE L. SIAS, KENNETH L. | ) | |
| WILLIAMS, A.J. SAUNDERS, MELVIN | ) | |
| IVEY, GAIL HICKS, AND JOE E. | ) | |
| HOWARD, | ) | |
| | ) | |
| PLAINTIFFS | ) | |
| V. | ) | CASE NO. CV112-0058 |
| | ) | |
| AUGUSTA-RICHMOND COUNTY , | ) | |
| GEORGIA, COMMISSION; DEKE S. | ) | |
| COPENHAVER, in his official capacity | ) | |
| As Mayor of Augusta-Richmond | ) | |
| County; RICHMOND COUNTY, | ) | |
| GEORGIA BOARD OF EDUCATION; | ) | |
| ALEX HOWARD, in his official | ) | |
| Capacity as President of the | ) | |
| Richmond County Board of Education; | ) | |
| And LYNN BAILEY, in her official | ) | |
| Capacity as Executive Director of | ) | |
| The Richmond County Board of | ) | |
| Elections, | ) | |
| | ) | |
| DEFENDANTS | ) | |

## **ANSWER**

COME NOW the County Board of Education of Richmond County,

defendant in the above-captioned matter incorrectly designated as the

1

"Richmond County, Georgia Board of Education" (hereafter the "Board") and Alex Howard, in his official capacity as President of the Richmond County Board of Education (hereafter "Board defendants"), and respond to the allegations contained in plaintiffs' Complaint as follows:

<u>FIRST DEFENSE</u>

Board defendants show that based upon the 2010 census, the existing voting districts for both Augusta-Richmond County and the Board are malapportioned.  Prior to the filing of this lawsuit, both Augusta-Richmond County and the Board engaged in extensive efforts to facilitate reapportionment by the Legislature of the State of Georgia.  However, as the Legislature of the State of Georgia has failed to reapportion the districts, Board defendants join in plaintiffs' request that this honorable Court exercise its authority to reapportion the districts.

<u>SECOND DEFENSE</u>

Board defendants show that as the current districts are malapportioned and should be reapportioned before further elections are held, and as the Richmond County Board of Elections has confirmed that in order to conduct upcoming elections in a proper manner it will be necessary to alter the 2012

election schedule, Board defendants join with the plaintiffs and the other defendants in their request for injunctive relief.

THIRD DEFENSE

Board defendants show that as the defendants are nominal parties in that they have no legislative or legal authority to reapportion the districts, and as all defendants engaged in extensive efforts to facilitate redistricting by the Georgia Legislature prior to the filing of this action, and furthermore as all defendants are in agreement that this honorable Court should exercise its redistricting authority and additionally provide equitable relief by changing the schedule for 2012 elections, no award of attorneys' fees or costs of litigation to the plaintiffs is appropriate.  Therefore, Board defendants show that plaintiffs' demand for an award of costs and attorneys' fees should be denied.

FOURTH DEFENSE

Board defendants show that as the Board has been incorrectly designated as the "Richmond County, Georgia Board of Education", plaintiffs' Complaint should be amended to identify the Board as the "County Board of Education of Richmond County".

FIFTH DEFENSE

Board defendants hereby respond to the allegations contained in the separately enumerated paragraphs of plaintiffs' Complaint as follows:

1.     Board defendants admit that plaintiffs seek declaratory and injunctive relief.  In further response, Board defendants incorporate all matters set forth in their first, second and third affirmative defenses, above.  Board defendants deny as alleged any additional allegations contained in paragraph one.

2.     Board defendants admit that this Court has original jurisdiction over this matter.

3.     Board defendants admit that plaintiffs submit that this case is authorized by 42 U.S.C. § 1988.  In further response, Board defendants show that the matters set forth in paragraph three are legal conclusions which require no response by the Board defendants.

4.     Board defendants show that declaratory relief is proper.

5.     Board defendants show that venue is proper in the U.S. District Court for the Southern District of Georgia.

6.     Board defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph six of plaintiffs' Complaint.

4

7.      Board defendants admit the allegations contained in paragraph seven of plaintiffs' Complaint.

8.      Board defendants admit the allegations contained in paragraph eight of plaintiffs' Complaint.

8.      Board defendants admit the allegations contained in the second paragraph designated "8." of plaintiffs' Complaint.

9.      Board defendants admit that the Board was established by an Act of the General Assembly of Georgia in 1872, Ga. Laws 1872, pp. 456-63, prior to the ratification of the Constitution of the State of Georgia, and is the legislative body for the public school system.

10.     Board defendants admit defendant Alex Howard in his official capacity serves as the President of the County Board of Education of Richmond County, and is elected by the members of the Board for a two year term.  Board defendants further admit that he is sued solely in his official capacity.

11.     Board defendants admit the allegations contained in paragraph eleven of plaintiffs' Complaint.

12.     Board defendants admit that all defendants, and all individuals acting solely in their official capacity, have acted under color of state law at all times relevant to this action.

13. Board defendants admit the allegations contained in paragraph thirteen of plaintiffs' Complaint.

14. Board defendants admit the allegations contained in paragraph fourteen of plaintiffs' Complaint.

15. Board defendants admit the allegations contained in paragraph fifteen of plaintiffs' Complaint.

16. Board defendants admit the allegations contained in paragraph sixteen of plaintiffs' Complaint.

17. Board defendants admit the allegations contained in paragraph seventeen of plaintiffs' Complaint.

18. Board defendants admit the allegations contained in paragraph eighteen of plaintiffs' Complaint.

19. Board defendants admit the allegations contained in paragraph nineteen of plaintiffs' Complaint.

20. Board defendants admit the allegations contained in paragraph twenty of plaintiffs' Complaint.

21. Board defendants admit the allegations contained in paragraph twenty-one of plaintiffs' Complaint.

22.    Board defendants admit the allegations contained in paragraph twenty-two of plaintiffs' Complaint.

23.    Board defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-three of plaintiffs' Complaint.

24.    Board defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-four of plaintiffs' Complaint.

25.    Board defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-five of plaintiffs' Complaint.

26.    Board defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-six of plaintiffs' Complaint.

27.    Board defendants deny the allegations contained in paragraph twenty-seven of plaintiffs' Complaint.  In further response, the Legislature of the State of Georgia has the legal duty and obligation to reapportion the districts, and both the Board and Augusta-Richmond County engaged in extensive efforts prior to the filing of this action to facilitate redistricting by the Legislature.

28.    Board defendants show that this honorable Court has authority to reapportion the districts and establish a proper redistricting plan.  The remaining matters set forth in paragraph twenty-eight are legal conclusions which require no response of the Board defendants.

29.    Board defendants admit the allegations contained in paragraph twenty-nine of plaintiffs' Complaint.  In further response, Board defendants show that the legislation establishing the date of the elections as July 31, 2012 may not be applicable to the Board.

30.    Board defendants admit the allegations contained in paragraph thirty of plaintiffs' Complaint.  In further response, Board defendants show that the AD Hoc Redistricting Committee had no legislative authority.

31.    Board defendants admit the allegations contained in paragraph thirty-one of plaintiffs' Complaint.  In further response, Board defendants show that Plan 3R (Final) was passed by the AD Hoc Redistricting Committee as a recommendation only.  Plan 3R (Final) was adopted by the Board, but it was not adopted by Augusta-Richmond County.

32.    In response to the allegations contained in paragraph thirty-two of plaintiffs' Complaint, Board defendants show that the approved Plan 3R (Final) was submitted to Augusta-Richmond County and the Board as a recommendation

only, and it was not submitted to the Georgia Legislature by the AD Hoc Committee for adoption.  Based upon information and belief, the Georgia House approved the plan, but the Georgia Senate approved a wholly separate plan, and the Georgia Legislature adjourned the 2012 legislative session without enacting Plan 3R (Final), or adopting an alternative plan.  Board defendants deny all remaining allegations contained in paragraph thirty-two of plaintiffs' Complaint.

33.    Board defendants deny the allegations contained in paragraph thirty-three of plaintiffs' Complaint.

34.    Board defendants admit the allegations contained in paragraph thirty-four of plaintiffs' Complaint.  In further response, Board defendants hereby incorporate all matters set forth in their first, second and third affirmative defenses, above.

35.    Board defendants admit the allegations contained in paragraph thirty-five of plaintiffs' Complaint.  In further response, Board defendants hereby incorporate all matters set forth in their first, second and third affirmative defenses, above.

36.    Board defendants admit the allegations contained in paragraph thirty-six of plaintiffs' Complaint.  In further response, Board defendants hereby

incorporate all matters set forth in their first, second and third affirmative defenses, above.

37. In response to the allegations contained in paragraph thirty-seven of plaintiffs' Complaint, Board defendants show that plaintiffs, and likewise all defendants, have no adequate remedy at law other than this action for declaratory and injunctive relief.

38. Board defendants deny the allegations contained in paragraph thirty-eight of plaintiffs' Complaint.

39. Board defendants deny all factual allegations and legal conclusions set forth in plaintiffs' Complaint not heretofore specifically admitted.

WHEREFORE, Board defendants pray that:

(a) the Court inquire as to the merits of plaintiffs' Complaint and the Board defendants' Answer, and determine that the existing voting districts are malapportioned;

(b) the Court grant an immediate hearing to consider the joint request for equitable relief presented by plaintiffs and all defendants;

(c) the Court grant the Board defendants' claims for equitable relief;

(d) the Court exercise its legal authority to properly reapportion the voting districts; and,

(e)    the Court deny plaintiffs' motion for attorneys fees and costs of litigation.

This 11th day of May, 2012.

COUNSEL FOR BOARD DEFENDANTS:


s/Leonard O. Fletcher, Jr.
STATE BAR NO. 264000
FLETCHER, HARLEY & FLETCHER
3529 Walton Way Extension
Augusta, GA  30909
706/724-0558
lofletcher@fhfllp.com

s/Troy A. Lanier
STATE BAR NO. 437775
TUCKER, EVERITT, LONG, BREWTON & LANIER
Post Office Box 2426
Augusta, GA  30903
706/722-0771
tlanier@thefirm453.com

CERTIFICATE OF SERVICE

This is to certify that on the 11th day of May, 2012, a copy of the foregoing was served in accordance with the ECF procedures.

s/ Troy A. Lanier
GA. State Bar No. 437775
Attorney for Defendants
Tucker, Everitt, Long, Brewton & Lanier
P. O. Box 2426
Augusta, GA 30903
(706) 722-0771
tlanier@thefirm453.com