UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

KENNETH B. MARTIN, CHARLES N.      )
CODY, SR., BOBBY D. HARPER,         )
SAMMIE L. SIAS, KENNETH L.          )
WILLIAMS, A.J. SAUNDERS, MELVIN     )
IVEY, GAIL HICKS, AND JOE E.        )
HOWARD,                             )
                                    )
        PLAINTIFFS                  )
V.                                  )    CASE NO. CV112-0058
                                    )
AUGUSTA-RICHMOND COUNTY,            )
GEORGIA, COMMISSION; DEKE S.        )
COPENHAVER, in his official capacity )
As Mayor of Augusta-Richmond        )
County; RICHMOND COUNTY,            )
GEORGIA BOARD OF EDUCATION;         )
ALEX HOWARD, in his official        )
Capacity as President of the        )
Richmond County Board of Education;)
And LYNN BAILEY, in her official    )
Capacity as Executive Director of   )
The Richmond County Board of        )
Elections,                          )
                                    )
        DEFENDANTS                  )

## LOCAL DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFFS' REQUEST FOR INJUNCTIVE RELIEF, AND IN SUPPORT OF LOCAL DEFENDANTS' JOINT REQUEST FOR INJUNCTIVE RELIEF

In accordance with the May 8, 2012 Order of this honorable Court, come

now Augusta-Richmond County, Georgia, Commission, and Deke S. Copenhaver,

1

in his official capacity as Mayor of Augusta-Richmond County (hereafter collectively referred to as "Augusta-Richmond County"), the County Board of Education of Richmond County, defendant in the above-captioned matter incorrectly designated as the "Richmond County, Georgia Board of Education" (hereafter the "Board"), and Alex Howard, in his official capacity as President of the Richmond County Board of Education (hereafter "Board defendants"), and Lynn Bailey, in her official capacity as Executive Director of the Richmond County Board of Elections, defendants in the above-captioned matter, and submit this brief both in response to plaintiffs' request for injunctive relief, and in support of defendants' joint request for injunctive relief.

Local defendants do not oppose plaintiffs' request that the Court grant equitable relief to ensure that the voting districts of Richmond County are properly apportioned before proceeding with the 2012 elections for Augusta-Richmond County Commission seats and Board seats. Local defendants concurrently request the same equitable relief from the Court.

Furthermore, local defendants seek additional equitable relief regarding these 2012 elections, as set forth in detail herein.

STATEMENT OF FACTS

Augusta-Richmond County and the Board each have eight single member voting districts and two super districts which have identical district lines.  (Aff. of Bailey - Board of Elections Resolution, p. 1).   Due to population shifts within these districts, the 2010 census has confirmed that these districts have become malapportioned, and no longer satisfy the standards of the federal Voting Rights Act.  (Aff. of Bailey - Board of Elections Resolution, pp. 1-2).

The Legislature of the State of Georgia has the legal duty and responsibility to reapportion voting districts of the State of Georgia which have become malapportioned.  Subsequent to the 2010 census, all local defendants collectively engaged in extensive efforts to facilitate reapportionment of the districts by the Legislature.   These defendants formed a local AD Hoc Committee which attempted to formulate a redistricting plan in accordance with the 2010 census which could be considered and acted upon by the Georgia Legislature during the 2012 session. However, the Georgia Legislature adjourned its 2012 legislative session without adopting a redistricting plan to reapportion the districts.  (Aff. of Bailey, ¶ 6).

When the Legislature failed to adopt a redistricting plan in accordance with the 2010 census, these defendants determined that an action should be filed in

this honorable Court for the purpose of requesting that the Court exercise its authority to reapportion the districts.  (Aff. of Bailey, ¶ 6).  On April 19, 2012, before defendants filed their lawsuit, plaintiffs filed the current action.

A review of plaintiffs' Complaint reveals that plaintiffs generally request therein the same relief sought by the defendants, including a request that the Court determine that the existing districts are malapportioned in violation of the Voting Rights Act; that the Court draft and implement a redistricting plan in accordance with the 2010 census which satisfies the standards of the Voting Rights Act; and, that the Court provide equitable relief and alter the election schedule for Augusta-Richmond County Commission seats and Board seats in order to allow these 2012 elections to be conducted in accordance with a redistricting plan formulated by the Court.  (Plaintiffs' Complaint).

There are five Augusta-Richmond County Commission seats and five Board seats open for election during the 2012 election cycle.   Qualifying   for   these Augusta-Richmond County Commission and Board elections is currently scheduled to open on May 23, 2012 and close on May 25, 2012.  (O.C.G.A. § 21-2-132; Aff. of Bailey - Board of Elections Resolution, p. 2).[1]

---

[1] These elections are the only 2012 Richmond County elections which are based upon the currently malapportioned voting districts of Richmond County. Therefore, altering the qualification period for these elections would have no

All plaintiffs and local defendants are in agreement that the 2012 elections for these Augusta-Richmond County Commission seats and Board seats should not be held before the Court drafts and implements a redistricting plan in accordance with the 2010 census.

After the Court establishes a redistricting plan, it will be necessary for the Richmond County Board of Elections to prepare to conduct these 2012 elections based upon the Court's plan. As the three day qualifying period for these elections is set to begin in fourteen days, it appears that there is insufficient time for the Court to formulate and implement a redistricting plan, or for the Board of Elections to properly prepare to conduct the elections in accordance with the Court's plan. (Aff. of Bailey - Board of Elections Resolution, pp. 2-3).

The Board of Elections has carefully considered the amount of time which may be required by the Court to draft and implement a redistricting plan, and for the Board of Elections to act in accordance with the new plan. Based upon the existing circumstances, in order to ensure proper election administration, and due process and equal protection for the citizens of Richmond County, the Board of Elections and all other local defendants respectfully request that the qualifying

bearing upon any other 2012 elections to be conducted in Richmond County, including any county-wide or state-wide elections. (Aff. of Bailey, ¶ 11).

period for these Augusta-Richmond County Commission seats and Board seats be changed from May 23-25, 2012 to August 6, 2012, beginning at 9:00 a.m., and closing at 12:00 noon on August 8, 2012.

These defendants show that changing the qualification period for these Augusta-Richmond County Commission seats and Board seats will allow the redistricting process to proceed in an orderly fashion, without altering the qualification period for any other open offices during the 2012 election cycle, and without changing the currently scheduled date for these elections, or any other elections in Richmond County.

Defendants further show that during the 2012 session, the Georgia Legislature passed Senate Bill 92, which changed the date of elections for Augusta-Richmond County Commission seats (and arguably Board seats) from November 6, 2012 to July 31, 2012 (in conjunction with the General Primary). However, this enactment is subject to preclearance by the U.S. Department of Justice.  As it is unknown when, or if, this law will be pre-cleared by the U.S. Department of Justice, the Richmond County Board of Elections is in a position of uncertainty.  Therefore, all local defendants respectfully request that the Court determine that, under the existing circumstances, the 2012 elections for both the

6

Augusta-Richmond County Commission and the Board be conducted as currently scheduled on November 6, 2012, in conjunction with the General Election.

In support of their requests for equitable relief, defendants show that the cost to the taxpayers of Richmond County for any special election which is not conducted in conjunction with either the General Primary or the General Election would be approximately $90,000.00.  In addition, any run-off election following any such special election would additionally cost taxpayers approximately $90,000.00.

<u>ARGUMENT AND CITATION OF AUTHORITY</u>

In support of their claims for equitable relief, defendants show that their requests appear to be generally consistent with plaintiffs' own demands for equitable relief.  Also, all parties are in agreement that the existing voting districts are malapportioned, and that the districts should be reapportioned prior to conducting the 2012 elections for Augusta-Richmond County Commission seats and Board seats.

Furthermore, defendants show that in order for the Court to prepare a redistricting plan in accordance with the 2010 census, and for the Board of Elections to act in accordance with that plan, dates for qualifying for these elections should be postponed.  The Board of Elections has presented for

consideration by the Court proposed rescheduled dates for qualification which would allow the redistricting process to proceed in an orderly manner, while concurrently allowing all other elections to proceed as currently scheduled.  All defendants, all plaintiffs, all prospective candidates, and all other interested persons would benefit if the qualification period for these elections was postponed.

Defendants further show that their requests for equitable relief satisfy all applicable common law criteria.  *See generally, Johnson v. United States Department of Agriculture,* 734 F.2d 774, 781 (11th Cir. 1984).  First, these claims are directly related to all parties' efforts to pursue an indisputably legitimate cause of action – to ensure compliance with the Voting Rights Act.  Also, defendants' request to reschedule the qualification period and allow the elections to be conducted using properly apportioned districts serves the interests of the public, and defendants (as well as plaintiffs) have no adequate remedy at law.  In addition, if the dates for the qualification period are not postponed, the Board of Elections would be forced to proceed with the qualification process for districts which are malapportioned, thereby resulting in irreparable harm for all concerned.  Finally, balancing the benefits and harms (if any) associated with postponing the qualification period strongly mitigates in favor of a grant of the

relief requested by the defendants.  The benefits are obvious, and defendants are not aware of any possible resulting harm to any person or entity.

Likewise, defendants' request that the Court determine that 2012 Augusta-Richmond County Commission seat elections proceed on November 6, 2012 also meets all relevant common law criteria for the grant of equitable relief.

CONCLUSION

Based upon the foregoing, all local defendants jointly and respectfully request that:

(a)    the Court determine that the existing voting districts of Richmond County are currently malapportioned, and that the districts should be reapportioned prior to conducting the 2012 elections for Augusta-Richmond County Commission seats or Board seats;

(b)    the Court determine that the qualification period for these elections should be rescheduled, and that the Court schedule the qualification period to begin at 9:00 a.m. on August 6, 2012, and end at 12:00 noon on August 8, 2012; and,

(c)    the Court determine that the 2012 election for Augusta-Richmond County Commission seats be conducted on November 6, 2012, in conjunction with the November 6, 2012 General Election.

9

Respectfully submitted, this 11th day of May, 2012.

> COUNSEL FOR AUGUSTA-RICHMOND COUNTY, GEORGIA COMMISSION, AND DEKE S. COPENHAVER, in his official capacity as Mayor of Augusta-Richmond County; and LYNN BAILEY, in her official capacity as Executive Director of the Richmond County Board of Elections:
>
> s/Andrew G. MacKenzie
> STATE BAR NO. 463938
> s/Wayne Brown
> STATE BAR NO.  089655
> AUGUSTA LAW DEPARTMENT
> 520 Greene Street
> Augusta, GA 30901
> 706/842-5554
>
> COUNSEL FOR BOARD DEFENDANTS:
>
> s/Leonard O. Fletcher, Jr.
> STATE BAR NO. 264000
> FLETCHER, HARLEY & FLETCHER
> 3529 Walton Way Extension
> Augusta, GA  30909
> 706/724-0558
> lofletcher@fhfllp.com
>
> s/Troy A. Lanier
> STATE BAR NO. 437775
> TUCKER, EVERITT, LONG, BREWTON & LANIER
> Post Office Box 2426
> Augusta, GA  30903
> 706/722-0771
> tlanier@thefirm453.com

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 11th day of May, 2012, a copy of the foregoing

was served in accordance with the ECF procedures.

<div style="margin-left: 40%;">

<u>s/ Troy A. Lanier</u>
GA. State Bar No. 437775
Attorney for Board Defendants
Tucker, Everitt, Long, Brewton & Lanier
P. O. Box 2426
Augusta, GA 30903
(706) 722-0771
tlanier@thefirm453.com

</div>